UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80929-CIV-MARRA/JOHNSON

MICHAEL ARASIMOWICZ, on his own behalf and others similarly situated,

Plaintiff,

v.

THE SANDS HOTEL, INC., a Florida corporation,

Defendant.
_______________________________________/

**OPINION AND ORDER DENYING SUMMARY JUDGMENT**

THIS CAUSE comes before the Court on Defendant The Sands Hotel, Inc.'s Motion for Summary Judgment (DE 8), filed December 3, 2007. The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Background

On October 10, 2007, Plaintiff Michael Arasimowicz ("Plaintiff") filed his Complaint (DE 1) against Defendant The Sands Hotel, Inc. ("Defendant"), seeking unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b). Defendant answered the Complaint on November 27, 2007 (DE 7). Defendant then filed the instant motion for summary judgment on December 3, 2007 (DE 8) before engaging in

substantial fact discovery.[1] Defendant argues that it has presented enough evidence to show, as a matter of law, that Plaintiff is an independent contractor and not an employee under FLSA.

Standard of Review

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and

[1]Plaintiff notes that Defendant's motion is premature because of the lack of time to conduct adequate discovery, but Plaintiff responded to the motion in an abundance of caution. (DE 11 at 2-3.) While the Court has concluded that, despite the lack of discovery, Plaintiff has raised genuine issues of material fact for trial, granting Defendant's motion without affording Plaintiff an adequate opportunity to conduct discovery would be reversible error. *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988).

the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50.

Discussion

To be entitled to overtime compensation under the FLSA, an employer-employee relationship must exist; independent contractors are exempt from the FLSA's coverage. 29 U.S.C. § 207(a)(1); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728-29 (1947). The issue of whether an employment relationship exists is determined by looking at the "economic realities" of an individual case. *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). The Court looks to a variety of factors in applying the "economic realities" test, including the following:

1. The nature and degree of control the alleged employer exercises over the worker;

2. The alleged employee's opportunity for profit or loss depending on his managerial skills;
3. The alleged employee's investment in equipment or materials for his task;
4. Whether the service rendered requires special skills;
5. The degree of permanence of the relationship; and
6. Whether the service is an integral part of the employer's business.

*Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (S.D. Fla. 2001); *see also Antenor*, 88 F.3d at 932; *Usery v. Pilgrim Equipment Co., Inc.*, 527 F.2d 1308, 1311 (5th Cir. 1976).[2] Ultimately, the Court looks to "all of the surrounding circumstances of the 'whole activity' to determine whether the putative employee is economically dependent upon the alleged employer." *Santelices*, 147 F. Supp. 2d at 1318.

In evaluating these six factors, the Court finds that questions of material fact preclude an entry of summary judgment. Defendant appears to concede as much in the reply, stating that "Plaintiff submits his own self-serving affidavit to create a genuine issue of fact as to his work status with Defendant." (Def. Reply 1.) Defendant argues, however, that Plaintiff's statement lacks evidentiary support. (*Id.*) The Court cannot consider these kinds of credibility attacks on a motion for summary judgment. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). Plaintiff has submitted an affidavit sworn under penalty of perjury, and the Court is bound to evaluate all of the evidence in the light most favorable for Plaintiff.

---

[2]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

With respect to control, Plaintiff states that Defendant's owner would give him a list of duties and prioritize assignments for him. (Pl. Aff. ¶ 7.) Plaintiff "was never able to pick, choose, and/or refuse jobs that were assigned." (*Id.*) Plaintiff was paid at a flat rate of $12 an hour, based on a forty hour week, so Plaintiff had no "opportunities for loss depending on his managerial skills." (Pl. Aff. ¶¶ 6, 8.) Plaintiff claims he was entirely dependent on his employment with Defendant. (Pl. Aff. ¶ 10.) Plaintiff also states that he did not invest any money in equipment or materials; instead, "Defendant provided [him] with all of the tools, materials and equipment necessary" for the job. (Pl. Aff. ¶ 9.) Plaintiff states that he has no special skills and that he performed general maintenance and labor work. (Pl. Aff. ¶5.) While these statements only touch on the first four of the six factors of the economic realities test, the Court must conclude that Plaintiff has raised a triable issue of fact for these factors. As such, the Court cannot grant summary judgment in Defendant's favor.[3]

Accordingly, Defendant's Motion for Summary Judgment (DE 8) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of May, 2008.

KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record

---

[3] *Murray v. Playmaker Services, LLC*, 512 F. Supp. 2d 1273 (S.D. Fla. 2007) is distinguishable. In that case, Plaintiff's affidavit contradicted Plaintiff's deposition testimony. *Id.* at 1277 n.3. Because of the inconsistencies between the affidavit and the deposition, the court disregarded the affidavit. *Id.* In this case, Plaintiff's affidavit does not conflict with Plaintiff's prior statements. Thus, the Court cannot disregard his affidavit, and the conflicting factual evidence presented by the parties is more appropriately handled by a jury, not the Court.